UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00356-RJC-DSC

| | |
|---|---|
| CAROL P. and J. P., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| TRULIANT FEDERAL CREDIT UNION, ) | |
| BLUE CROSS BLUE SHIELD OF NORTH ) | |
| CAROLINA, and TRULIANT FEDERAL ) | |
| CREDIT UNION EMPLOYEE HEALTH ) | |
| PLAN, ) | |
| ) | |
| Defendants. | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss (Doc. No. 26) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 32). The parties have not filed objections to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

## I. BACKGROUND

Neither party has objected to the M&R's statement of this case's factual and procedural background. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo

review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the M&R's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, the Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the M&R is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the M&R.

2

Case 3:22-cv-00356-RJC-DSC    Document 33    Filed 02/17/23    Page 2 of 3

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R (Doc. No. 32) is **ADOPTED**;

2. The Defendants' Motion to Dismiss (Doc. No. 26) is **GRANTED**; and

3. The Clerk is directed to close this case.

Signed: February 17, 2023

Robert J. Conrad, Jr.
United States District Judge